IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN SCOTT MITCHELL,

    **Plaintiff,**

v.                                             CASE NO. 25-3052-JWL

FRED TRAVALENA, IV,

    **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff Justin Scott Mitchell brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff was in custody at the Johnson County Adult Detention Center in Olathe, Kansas, at the time of filing. The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 3.)

**I. Nature of the Matter Before the Court**

Plaintiff's Complaint (Doc. 1) alleges that the defendant has been "gang stalking" him since 2013 because Plaintiff refused to join the defendant's "gang stalking operation." (Doc. 1, at 2.) Plaintiff claims that the defendant is "using the Northwestern micro drones to torture [him] and in an attempt to kill [him]." *Id*. at 2. He states that the micro drones, which are "six times smaller than a lady bug," are "crawling in my nose, mouth, ears, and have been burrowing into my skin." *Id*. at 2, 3. Plaintiff describes the defendant as being "in the medical business and has a contract with the State of Kansas to do business in Kansas." *Id*. at 1. The Complaint brings counts for cruel and unusual punishment and "being deprived of my life." *Id*. at 3.

Plaintiff names as defendant Fred Travalena IV. Plaintiff seeks relief in the form of stopping the stalking and micro drones, along with $1.4 billion in compensation.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). In addition, if the plaintiff is proceeding in forma pauperis, a court "shall dismiss the case at any time" if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). A § 1915(e) dismissal may be sua sponte when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) *(*quoting *Henriksen v. Bentley,* 644 F.2d 852, 854 (10th Cir. 1981)).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. "[A]

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

### III. DISCUSSION

As noted, to state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48–49 (1988); *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

The Court finds from the face of the Complaint that Plaintiff fails to state a cause of action under § 1983 against the defendant because this individual is not shown to have been a state actor.

In addition, the Court finds that the Complaint is subject to dismissal as frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Section 1915(e) gives the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. Clearly baseless factual allegations are those that are "fantastic" or

4

"delusional." *Id.* at 327–28. "A case is not frivolous simply because it alleges facts that are 'unlikely.'" *Flores v. U.S. Atty. Gen.*, 442 F. App'x 383, 385 (10th Cir. 2011) (quoting *Denton v. Hernandez,* 504 U.S. 25, 33 (1992)). "Rather, the facts alleged must 'rise to the level of the irrational or the wholly incredible,' *id.,* or depict 'fantastic or delusional scenarios, *Neitzke,* 490 U.S. at 328, 109 S. Ct. 1827." *Id.*

Plaintiff's Complaint rises to this level. His allegations are not merely unlikely but are fantastic and delusional. *See Flores*, 442 F. App'x 385 (pro se in forma pauperis complaint filed by state prisoner, complaining of government's alleged violation of his civil rights in purportedly using satellites in outer space with the "capability of calculateing [sic] a genetic code" in order to torture prisoner and his family members at instigation of foreign diplomatic officials, alleged facts that went beyond the unlikely to the irrational, wholly incredible, fantastic or delusional, and was properly dismissed as frivolous). Consequently, the Court is required by 28 U.S.C. § 1915(e)(2) to dismiss the Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed under 28 U.S.C. § 1915(e)(2) as frivolous.

**IT IS SO ORDERED**.

**Dated April 11, 2025, in Kansas City, Kansas.**

                                            **S/ John W. Lungstrum**
                                            **JOHN W. LUNGSTRUM**
                                            **UNITED STATES DISTRICT JUDGE**